FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00359-LTB

SOLOMON BEN-TOV COHEN,

    Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General of the United States,
JANET NAPOLITANO, Secretary of the Department of Homeland Security, and
JOHN P. LONGSHORE, Field Office Director USICE,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Petitioner, Solomon Ben-Tov Cohen, has filed *pro se* on May 2, 2011, a "Motion to Reconsider Order Dismissing Case" (Doc. #11) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on April 7, 2011. The Court must construe the motion to reconsider liberally because Mr. Cohen is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. **See** Fed. R. Civ. P. 59(e). The Court will consider Mr. Cohen's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." **Phelps v. Hamilton**, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. **See id**.

The Court dismissed the instant action without prejudice because Mr. Cohen failed to cure the deficiencies he was directed to cure in an order entered by Magistrate Judge Boyd N. Boland on February 24, 2011. Magistrate Judge Boland specifically directed Mr. Cohen in the February 24 order to file an application for a writ of habeas corpus on the proper form and either to pay the filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On February 28, 2011, Mr. Cohen filed a notice of change of address indicating that he currently resides in London, England. On March 1, 2011, Magistrate Judge Boland entered a minute order directing the clerk of the Court to mail to Mr. Cohen at his new

address a copy of the February 24 order to cure deficiencies and providing Mr. Cohen with additional time to cure the deficiencies. On March 3, 2011, the copy of Magistrate Judge Boland's February 24 order that was mailed to Mr. Cohen at his original address was returned to the Court undelivered.

Mr. Cohen alleges in the motion to reconsider that he is not at fault for failing to cure the deficiencies in this action because he was removed from the United States the day after he mailed his petition to the Court and he did not receive a copy of the order directing him to cure the deficiencies. He further alleges that he paid the $5.00 filing fee for this action by submitting U.S. postal stamps with a letter to the Court that was attached to his original petition.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Cohen fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Court's docketing records indicate that a copy of Magistrate Judge Boland's February 24 order directing Mr. Cohen to cure the deficiencies in this action was mailed to Mr. Cohen at his current address on March 1, 2011, after he submitted his notice of change of address. With respect to Mr. Cohen's allegation that he paid the filing fee, the Court's docketing records do not indicate that the filing fee for this action has been paid. Furthermore, the Court cannot accept postage stamps as payment of the filing fee. Finally, Mr. Cohen still has made no effort to cure the deficiencies in this action. Therefore, the motion to reconsider will be denied. Mr. Cohen is reminded, however, that the Court dismissed the instant action without prejudice. If Mr. Cohen wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the Motion to Reconsider Order Dismissing Case (Doc. #11) filed on May 2, 2011, is denied.

DATED at Denver, Colorado, this 5th day of May, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00359-BNB

Solomon Ben-Tov Cohen
c/o Renee Cohen
55A Oakdale Rd
E11 4DJ
London, UK

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on May 5, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk